**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAYQUAIN SINISTERRA , | : | NO. 3:25-CV-2126 (KAD) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | November 13, 2026 |

**MEMORANDUM OF DECISION**
**RE: PLAINTIFF'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (ECF NO. 1)**

Kari A. Dooley, United States District Judge:

Following a plea of guilty, Petitioner Dayquain Sinisterra was convicted of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); attempted murder and assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(5), 1959(a)(6) and 2 (Counts 10 and 12); carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii) and 2 (Counts 15, 19, 21); and attempted murder and assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3), 1959(a)(5) and 2 (Counts 14, 18, 20, 22). J., *United States v. Pulliam*, No. 3:21-cr-00156 (KAD), ECF No. 1155.

On February 4, 2025, the Court sentenced Defendant Dayquain Sinisterra to a total effective sentence of 420 months comprised of: 60 months on each of counts 1, 10, 12, 14, 18, 20, and 22 to run concurrent to each other; 120 months on counts 15, 19, and 21 to run consecutive to each other and consecutive to the 60 month sentence imposed on counts 1, 10, 12, 14, 18, 20, and 22. *See id*. Petitioner and the Government had entered into a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), which included the agreed upon total effective sentence. Plea Agreement, No. 3:21-cr-00156 (KAD), ECF No. 809. The Court accepted the plea agreement and

sentenced Petitioner accordingly. Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on December 22, 2025. *See* Mot. to Vacate, ECF No. 1. Petitioner asserts that he was denied effective assistance of counsel insofar as: assigned counsel failed to challenge the constitutionality of the charges to which he pled guilty, *id.* at 4–5; misled him about the ramifications of his pleas to the § 924(c)(1)(A) charges, *id.*; failed to assert a Fourth Amendment violation pertaining to a cellphone search, *id.* at 7; and failed to file a notice of appeal on any of these issues, *id.* at 4–5, 7. For the reasons set forth below, the petition is **DENIED**.

**Background and Procedural History**

At sentencing, absent objection, the Court adopted the factual content of the Presentence Investigation Report ("PSI") as the Court's findings of fact. Sentencing Tr., No. 3:21-cr-00156 (KAD), ECF No. 1229 at 4. Those facts, PSI, No. 3:21-cr-00156 (KAD), ECF No. 1109 (SEALED), and those to which Petitioner allocuted at his change of plea, Min. Entry, No. 3:21-cr-00156 (KAD), ECF No. 808, are summarized as follows.

Petitioner was a member of the "960" street gang in Waterbury, Connecticut from approximately 2008 to the date of indictment. Plea Agreement, ECF No. 809 at 5. To maintain standing within the gang, Petitioner conspired with other members to shoot and murder members of rival gangs. *Id.* This conspiracy resulted in eight shootings that Petitioner was involved in: (1) the September 21, 2018 shooting of an occupied residence on Lounsbury Street in the attempt to murder rival gang member "H.M.;" (2) the September 21, 2018 shooting of an occupied residence on Scott Road in the attempt to murder H.M.; (3) the October 6, 2018 shooting of "A.R.," an innocent civilian; (4) the October 11, 2018 murder of Fransua Guzman, an innocent civilian; (5) the October 11, 2018 shooting of "D.M.," an innocent civilian; (6) the November 1, 2018

shooting of H.M., a rival gang member; (7) the November 18, 2018 shooting of M.A., a rival gang member; and (8) the November 18, 2018 shooting of J.S., Jr., a rival gang member *Id.*

On September 14, 2021, a Federal Grant Jury returned a 36-count Indictment, charging Petitioner and fifteen other 960 gang members and associates, with numerous criminal acts, including crimes of violence, firearms offenses, and drug trafficking offenses. *See* Ind., No. 3:21-cr-00156 (KAD), ECF No. 1. Relevant here, Petitioner was charged in fifteen of the thirty-six counts. Ind., No. 3:21-cr-00156 (KAD), ECF No. 1.

The Indictment alleged that Petitioner conspired with co-defendants in a racketeering scheme to retaliate against rival gangs in violation of 18 U.S.C. § 1962(d). *Id.* at ¶ 16. The Indictment also charged Petitioner with (1) attempted murder and assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(3), 1959(a)(5) and 2; and (2) carrying and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 2 in connection with six separate shootings: (1) the shooting of an occupied residence on Lounsbury Street on September 21, 2018, *id.* at ¶¶ 34–35; (2) the shooting of an occupied residence on Scott Road on September 21, 2018, *id.* at 37–38; (3) the shooting of "A.R." on October 6, 2018, *id.* at ¶¶ 40–41; (4) the shooting of "D.M." on October 11, 2018, *id.* at ¶¶ 46–47, (5) the shooting of "H.M." on November 1, 2018, *id.* at ¶¶ 49–50; and (6) the shooting of "M.A.," and "J.S., Jr.," on November 18, 2018, *id.* at ¶¶ 49–50. Finally, the Indictment charged Petitioner with murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(l) and (2) and causing death through the use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(i)(l), and 2 for the October 11, 2018 shooting death of Fransua Guzman. *Id.* at ¶¶ 43–44.

On March 13, 2024, pursuant to a plea agreement, Petitioner pleaded guilty to ten counts of the Indictment: (1) Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d); (10 and 12) Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(5), 1959(a)(6), and 2; (15, 19, and 21) Carrying and Using a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 2; and (14, 18, 20, and 22) Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(3), 1959(a)(5), and 2. *See* Plea Agreement, No. 3:21-cr-00156 (KAD), ECF No. 809. As part of the written plea agreement signed by both parties, Petitioner acknowledged that his plea of guilty was voluntary, that he was not coerced into pleading guilty, and that he had not received any other promises or inducements to plead guilty other than what was set forth in the agreement. *See id.* at 12–13. Therein, Petitioner also waived his right to "appeal or collaterally attack his conviction in any proceeding," and waived his right to challenge his conviction based on "(1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that [any of] the statute[s] to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute." *Id.* at 11. However, that waiver did not "preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum." *Id.*

On September 19, 2024, Petitioner moved to withdraw his plea alleging various constitutional violations because the plea was not knowing, voluntary, or intelligent, and due to ineffective assistance of counsel. Mot. to Withdraw, No. 3:21-cr-00156 (KAD), ECF No. 1097. Following a hearing on October 1, 2024, Petitioner withdrew his request and the Court denied the motion without prejudice. Min. Entry, No. 3:21-cr-00156 (KAD), ECF No. 1103.

On January 7, 2025, Petitioner was sentenced to 60 months on each of counts 1, 10, 12, 14, 18, 20, and 22 to run concurrent to each other; 120 months on counts 15, 19, and 21 to run consecutive to each other and consecutive to the 60-month sentence imposed on counts 1, 10, 12, 14, 18, 20, and 22, for a total net effective sentence of 420 months. J., No. 3:21-cr-00156 (KAD), ECF No. 1155.

On December 22, 2025, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Pet., ECF No. 1. Following the Court's Order to Show Cause, Order, ECF No. 5, Respondent filed its response to the Petition on March 9, 2025. Resp., ECF No. 8. Petitioner filed his Reply on June 5, 2025. Reply, ECF No. 11.

**Standard of Review**

"Pursuant to § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence [or conviction] on four grounds: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States, or (2) that the court was without jurisdiction to impose such sentence, or (3) that the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack.'" *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (quoting 28 U.S.C. § 2255(a)) (cleaned up). These are "jurisdictional [or] constitutional" issues that create "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *See Hill v. United States*, 368 U.S. 424, 428 (1962) (collecting cases). A federal prisoner may also use § 2255 to attack his conviction because "[f]or the purposes of § 2255, the term 'sentence' refers to *both* the prisoner's sentence and underlying conviction." *Fermin v. United States*, 859 F. Supp. 2d 590, 596 (S.D.N.Y. 2012) (citing *Johnson v. United States*, 623 F.3d 41, 45 (2d Cir. 2010)) (emphasis in *Fermin*).

Petitioner bears the burden of proving that a miscarriage of justice occurred. *Hoskins*, 905 F.3d 97 at 103 n.6; *see also Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995) ("The burden therefore falls upon petitioners to demonstrate their entitlement to relief under § 2255"). In evaluating a petitioner's claim, "a district court need not assume the credibility of factual assertions . . . where the assertions are contradicted by the record in the underlying proceeding." *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009) (collecting cases). "Indeed . . . when the judge that tried the underlying proceedings also presides over the [§] 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner." *Id.*

Second Circuit "precedent instructs that § 2255 review is 'narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources.'" *Hoskins*, 905 F.3d at 102 (quoting *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996)). The Second Circuit has summarized the principles governing the resolution of § 2255 claims as follows:

> [N]ot every asserted error of law can be raised on a § 2255 motion. . . . The grounds provided in [§] 2255 for collateral attack on a final judgment in a federal criminal case are narrowly limited, and it has long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. As a general rule, relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice.

*Napoli v. United States*, 32 F.3d 31, 35 (2d. Cir. 1994) (internal quotation marks and citations omitted), *amended on reh'g on other grounds*, 45 F.3d 680 (2d Cir. 1995). Constitutional errors will not be corrected through a writ of habeas corpus unless they had a "substantial and injurious effect," that is, unless they resulted in "actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619,

623, 637 (1993); *see also Underwood v. United States*, 166 F.3d 84, 87 (2d. Cir. 1999) (applying the *Brecht* test to a § 2255 petition).

**Discussion**

Petitioner's Section 2255 Petition, ECF No. 1, and his Reply, ECF No. 11, assert that he was denied effective assistance of counsel on three grounds. First, Petitioner argues that his counsel, Attorney Brown, was ineffective in failing to file a Notice of Appeal as to Counts 15, 19, and 21 to challenge the constitutionality of 18 U.S.C. § 924(c). Pet., ECF No. 1 at 4. Second, Petitioner argues Attorney Brown was ineffective for not challenging the constitutionality of 18 U.S.C. § 924(c) during plea negotiations or sentencing. *Id.* at 5. Finally, Petitioner asserts that Attorney Brown was ineffective in failing to challenge the constitutionality of a cellphone search in violation of the Fourth Amendment. *Id.* at 7.

The Sixth Amendment "provides certain procedural safeguards to individuals who have been charged with crimes, including the right to a speedy, impartial trial; the ability to call and confront witnesses; and, relevant here, the Assistance of Counsel." *United States v. Rosemond*, 958 F.3d 111, 119 (2d Cir. 2020) (internal citation omitted) (quoting U.S. Const. amend. VI). "Although the Sixth Amendment refers only to 'Assistance of Counsel,' it guarantees the right to effective assistance of counsel." *Id.* at 121 (internal citation omitted).

A petitioner making an ineffective-assistance-of-counsel claim bears a heavy burden. "Ordinarily, to prevail on a claim for ineffective assistance of counsel a defendant must demonstrate that: (1) counsel's performance fell below an 'objective standard of reasonableness;' and (2) defendant was 'prejudiced,' meaning that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United*

*States v. Griffiths*, 750 F.3d 237, 242 (2d Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 693–94 (1984)).

Where the conviction at issue resulted from a guilty plea, the scope of habeas review of ineffective assistance claims is significantly narrower. A petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards." *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996) (alteration in original) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). And there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (citations and quotations omitted). In addition, to establish the *Strickland* prejudice prong "[i]n the context of guilty pleas, the [petitioner must] . . . demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Ajemian v. United States*, 171 F. Supp. 3d 206, 213 (S.D.N.Y. 2016) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

"The *Strickland* standard is 'highly demanding,' and 'rigorous,'" and "must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011) (internal citations omitted). "Although a District Court must hold an evidentiary hearing when presented with any potentially meritorious claim under [§] 2255, a hearing is not required when, 'viewing the evidentiary proffers . . . and record in the light most favorable to the petitioner,' it is clear that the petitioner has failed to establish a 'plausible claim of ineffective assistance of counsel.'" *Lake v. United States*, 465 F. App'x 33, 34–35 (2d Cir. 2012) (summary order) (alteration in original) (quoting *Puglisi*, 586 F.3d at 213).

As a preliminary matter, Petitioner has made no showing that the advice he received in negotiating his plea agreement was not within acceptable standards. Indeed, petitioner was one of six defendants facing a mandatory life sentence (once the Government determined not to seek the death penalty). His plea did not include the VICAR murder count which would have required a life sentence. Counsel negotiated, on behalf of petitioner, a shorter, finite sentence. Petitioner was thoroughly canvassed on the plea agreement, he understood it was a binding agreement for a 420-month sentence, and he unequivocally averred that he was entering into the plea agreement knowingly and voluntarily. While Petitioner appears to regret that decision, his argument that counsel should have pursued other defenses or negotiated a better agreement fall short of Petitioner's heavy burden. Further, Petitioner offers no claim that he would not have pleaded guilty but for counsel's alleged errors and would have insisted on proceeding to trial.[1] This is reason enough to deny the petition.

***Failure to Challenge the Constitutionality of 18 U.S.C. § 924(c)***[2]

Petitioner argues that Attorney Brown was ineffective because he did not challenge the constitutionality of § 924(c), as charged in Counts 15, 19, and 21 of the Indictment to which Petitioner pled guilty, nor did he file a Notice of Appeal as to those counts. Pet., ECF No. 1 at 4–5; Reply, ECF No. 11 at 2–3.[3]

---

[1] Notably, the five co-defendants also facing VICAR murder charges proceeded to trial. Each was convicted. Each was sentenced to life imprisonment. *See* J., No. 3:21-cr-00156 (KAD), ECF Nos. 1303, 1309, 1312, 1332, 1343.

[2] Although Petitioner's plea agreement contained an explicit clause prohibiting him from challenging his conviction based on a claim that the statute to which the defendant is pleading guilty is unconstitutional, Petitioner has couched his claim as one of ineffective assistance. *See* Plea Agreement, No. 3:21-cr-00156 (KAD), ECF No. 809. Furthermore, although Petitioner raises two grounds pertaining to 18 U.S.C. § 924(c), the Court finds both grounds rely on the same premise and, therefore, they are considered in tandem.

[3] Petitioner also asserts that counsel did not direct his attention to the appeal waiver insofar as he cannot raise a collateral attack to his conviction or sentence. Pet., ECF No. 1 at 4. "A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (citations omitted). Exceptions to the presumptive enforceability of such a waiver are few, but may include instances "such as (1) when the waiver was not made knowingly, voluntarily, and competently,

However, Attorney Brown's decision not to challenge the constitutionality of § 924(c) was not only objectively reasonable, but legally correct. Petitioner relies on two cases: *United States v. Davis*, 588 U.S. 445 (2019), and *United States v. Taylor*, 596 U.S. 845 (2022). Pet., ECF No. 1 at 4. Petitioner asserts that under *Davis*, counts 15, 19, and 21, which charge him with use of a firearm during and in relation to a crime of violence, did not actually involve a crime of violence. *Id*. Petitioner is incorrect.

As relevant to counts 15, 19 and 21, 18 U.S.C. § 924(c)(1)(A) provides in pertinent part:

> [A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, . . . shall, in addition to the punishment provided for such crime of violence . . . —
>
> . . .
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

A "crime of violence" is defined under the statute as:

> [A]n offense that is a felony and — (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Within Section 924(c)(3), subsection (A) is known as the force or elements clause and subsection (B) is known as the residual or risk of force clause. *See*, *e.g.*, *Delligatti v. U.S.*, 604 U.S. 423, 426 (2025). In *Davis*, the U.S. Supreme Court held that the residual clause is unconstitutionally vague. *Id*. (citing *Davis*, 588 U.S. at 470). However, *Davis* did not invalidate

---

(2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus." *Id*. (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)) (cleaned up). The Court has previously found that the plea was knowing and voluntary, *see* No. 3:21-cr-00156 (KAD), ECF Nos. 809, 1103. The Court, having conducted Petitioner's Rule 11 canvass, discerns no basis to now find that the plea was not knowing and voluntary.

the elements clause. *See Gray v. United States*, 980 F.3d 264, 265 (2d Cir. 2020) (noting that even though § 924(c)(3)(B) is unconstitutional, § 924(c)(3)(A) is still valid).

Under *Taylor*, the Supreme Court held that in determining "whether a federal felony may serve as a predicate for a conviction and sentence under the elements clause," the Court must apply a categorical approach. *Taylor*, 596 U.S. at 850. "Under that approach, we do not examine the defendant's actual conduct. Instead, we ask whether the offense in question 'always' involves the use, attempted use, or threatened use of force. If the offense can be committed without the use, attempted use, or threatened use of force, it is not a crime of violence under the elements clause." *Delligatti*, 604 U.S. at 426 (quoting *Taylor*, 596 U.S. at 850). In the present matter, the offenses in question cannot be committed without "the use, attempted use, or threatened use of force." *See id*.

Pursuant to 18 U.S.C. § 924(c)(3), the crimes of violence charged in counts 15, 19, and 21 pertain to the underlying charges in 14, 18, and 20 — Attempted Murder and Assault with a Dangerous Weapon[4] in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(3), 1959(a)(5), and 2. *See* Ind., No. 3:21-cr-00156 (KAD), ECF No. 1 at 17, 19–20. As discussed below, there is no argument to be made that Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering are not crimes of violence.

In fact, the Supreme Court found as much in *Delligatti*. *See Delligatti*, 604 U.S. at 435 ("Intentional murder is *the* prototypical 'crime of violence,' and it has long been understood to incorporate liability for both act and omission (emphasis in original)). In *Delligatti*, the indictment "charged as a predicate crime of violence attempted murder under the violent-crimes-in-aid-of-racketeering (VICAR) statute, 18 U.S.C. § 1959(a)(5)." *Id.* at 427. Although Delligatti argued his

---

[4] Petitioner was charged under Connecticut law with attempted murder, specifically, Con. Gen. Stat. §§ 53a-54a, 53a-49, and assault with a dangerous weapon §§ 53a-59(a)(5), 53a-49 and 53a-8(a).

underlying state offense of attempted second-degree murder under New York law was not a crime of violence, the Second Circuit disagreed. "[T]he Second Circuit held in Delligatti's case that New York attempted second-degree murder — and, by extension, a VICAR offense predicated on it — is a crime of violence because it necessarily involves at least the attempted use of force." *Id.* at 428 (citing *United States v. Scott*, 990 F.3d 94, 121–22 (2d Cir. 2021) (en banc)). So too here.

Counts 14, 18, and 20 each charge Petitioner with attempted murder and "assault with a dangerous weapon by discharging a firearm" in aid of racketeering. Ind., No. 3:21-cr-00156 (KAD), ECF No. 1 at 17, 19–20. The elements of that offense are:

(1) An enterprise existed as charged in Count One (the racketeering conspiracy);
(2) The charged enterprise engaged in, or its activities affected, interstate or foreign commerce;
(3) The charged enterprise engaged in racketeering activity;
(4) The defendant attempted to commit murder and assault with a dangerous weapon; and
(5) The attempted murder and assault with a dangerous weapon was committed for the purpose of maintaining or increasing position in the charged enterprise.

Plea Agreement, No. 3:21-cr-00156 (KAD), ECF No. 809 at 2.

Under Connecticut law, criminal attempt may be satisfied when a defendant intentionally engages in conduct that constitutes a substantial step in a course of conduct "acting with the kind of mental state required for commission of the crime" "planned to culminate in his commission of the crime." Conn. Gen. Stat. § 53a-49(a). Specifically, attempted murder is committed if a person unlawfully, knowingly, and intentionally attempts to cause the death of another and takes some act that is a substantial step towards accomplishing the murder. Conn. Gen. Stat. § 53a-54a(a). The underlying assault with a dangerous weapon charge provides "[a] person is guilty of assault in the first degree when: . . . (5) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of the discharge of a firearm." Conn. Gen.

Stat. § 53a-59(a)(5). Neither can be committed without use, attempted use, or threatened use of force. *Delligatti*, 604 U.S. at 426.

Hence, there can be no question that charges contained in Counts 14, 18, and 20, qualify as crimes of violence pursuant to 18 U.S.C. § 924(c)(3). *Delligatti*, 604 U.S. at 426. Accordingly, it was not unreasonable for Attorney Brown to decide not to challenge the constitutionality of § 924(c), as charged in counts 15, 19 and 21 and the Court cannot therefore conclude that his performance "fell below an objective standard of reasonableness[.]" *Cruz v. United States*, No. 3:23-cv-942 (VAB), 2024 WL 2801699, at *5 (D. Conn. May 31, 2024) (quoting *McCoy v. United States*, 707 F.3d 184, 187 (2d Cir. 2013)).

***Failure to Challenge Cellphone Search***

Petitioner next asserts that counsel was ineffective for failing "to raise a Fourth Amendment violation in connection to the [cellphone search] that was preserved before the plea deal."[5] Pet., ECF No. 1 at 7 (cleaned up). Petitioner also challenges counsel's failure to file a Notice of Appeal as to these grounds. *Id*. The Fourth Amendment claim fails for multiple reasons. First, "[a] defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (citation omitted); *see also Whitehead v. Senkowski*, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally[,] a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to entry of the plea."). Thus, any claim as to whether a particular pretrial strategy should have been pursued prior to the decision to plead guilty is not permitted.

[5] Petitioner also makes reference to a search of a witness's cellphone. To the extent that Petitioner challenges the search of that phone, the argument is rejected as he has no standing to do so. *See Rakas v. Illinois*, 439 U.S. 128, 133–34, (1978) ("Fourth Amendment rights . . . may not be vicariously asserted." (collecting cases)).

Even if permitted, however, Petitioner is simply wrong as a factual matter. Counsel did challenge the cellphone evidence by filing a Motion to Suppress on November 6, 2023. *See* No. 3:21-cr-00156 (KAD), ECF No. 448. The Motion argued that all evidence derived from the search of Petitioner's cellphone should be suppressed because the search warrants lacked particularity, the warrants were substantively overbroad, and they were temporally overbroad. *Id.* at 1. On November 20, 2023, the Government opposed the motion. No. 3:21-cr-00156 (KAD), ECF No. 474. Petitioner filed a reply on December 8, 2023. No. 3:21-cr-00156 (KAD), ECF No. 558. On March 3, 2024, the Court issued an order denying the Motion to Suppress. No. 3:21-cr-00156 (KAD), ECF No. 758.

It goes without saying that "[c]ounsel cannot be deemed ineffective for failing to assert a claim that he had in fact raised. Moreover, the fact [t]hat counsel's suppression motion was ultimately unsuccessful does not amount to ineffective assistance." *See Arpi v. Capra*, No. 18-CV-9001, 2025 WL 4482293, *12 (S.D.N.Y. Dec. 30, 2025), *R.&R. adopted*, 2026 WL 189693 (S.D.N.Y. Jan. 23, 2026) (citation and internal quotation marks omitted). Accordingly, Petitioner cannot assert or establish an ineffective-assistance-of-counsel claim for the purported failure to file a motion to suppress the cellphone evidence.

Petitioner's claim regarding failure to file an appeal of the denial of the motion to suppress is similarly unsuccessful. By pleading guilty, Petitioner waived the right to appeal the decision on the Motion to Suppress and Petitioner makes no claim that he asked counsel to pursue such an appeal either during the plea negotiations or after sentencing. The Court therefore finds that Attorney Brown's decision not to negotiate a conditional plea so petitioner could appeal the denial of the Motion to Suppress does not fall below an objective standard of reasonableness. *See Cruz*, 2024 WL 2801699, at *5; *McCoy*, 707 F.3d at 187 (2d Cir. 2013)). And given the extraordinary

amount of evidence establishing Petitioner's involvement in the shootings identified above, the cellphone evidence at issue was not "dispositive" of the government's ability to prove this case.[6]

In sum, Petitioner knowingly and voluntarily pleaded guilty to counts 1, 10, 12, 14, 15, 18, 19, 20, 21, and 22 of the Indictment. None of counsel's purported errors undermine this conclusion. And Petitioner does not even attempt to satisfy the second *Strickland* prong insofar as he does not allege that he would not have pleaded guilty but for counsel's alleged errors and that he would have otherwise insisted on proceeding to trial. Instead, the Petition raises challenges to the basis for the conviction. The Petitioner has expressly waived these claims in his plea agreement or by pleading guilty, and, to the extent Petitioner offers these claims in the context of an ineffective assistance claim, the claims are largely untethered to his counsel's representation during the plea negotiation process and the plea proceeding. Because Petitioner has failed to establish a plausible ineffective-assistance-of-counsel claim, an evidentiary hearing is not required.

**Conclusion**

For the foregoing reasons, no evidentiary hearing is necessary, and the Petition, ECF No. 1, is DENIED. The Court shall not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to close this file.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of November, 2026.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

[6] An assessment of counsel's advice necessarily includes an assessment as to the strength of the Government's case. Here, even though the Petitioner pleaded guilty, the Court conducted two separate trials over the course of many weeks during which the juries and the Court heard testimony in painstaking detail as to the various acts of violence committed by and in the name of 960, to include Petitioner's participation therein. Petitioner neither acknowledges nor engages with the mountain of evidence this case presented.